Case number 20-6287, United States of America v. Ronnie Lovell. Oral argument is not to exceed 15 minutes per side. Ms. Rust. May it please the court. I'm Erin Rust. I'm here for the appellant, Mr. Ronnie Lovell. And I would ask to reserve three minutes for rebuttal. All right. Under this court's Williams case, the government cannot prove that Mr. Lovell's prior burglaries necessarily occurred on occasions different from one another. In Hennessey v. King, this court was very clear that if we are not to submit the question of occasions different to a jury, then a judge must be limited to reviewing only Shepard-approved documents to make the determination. And the judge must be limited only to facts that are necessarily admitted by the defendant, as we can see in those Shepard documents. Here, we only have the informations and the judgments. There's no plea colloquy and no plea agreement. Did anyone below bring this to the district court's attention? The occasions different question was not raised below. So it's plain error, right? I think it would be fair for this court to apply plain error. That said, there was an objection to the application of ACCA more generally. Right, but that was resolved, right, by the Supreme Court's case. So go back, and what in the record made it plain or obvious to the district court that these occurred on six different occasions or even two different occasions didn't occur on those different occasions or at different locations where you have six different names of six different individuals and six different dates? What would make it, like, why would a district court go like a pig hunting for truffles looking for this? Well, Your Honor, the first answer to that question is that this is the government's burden to prove. Well, no, no. It's plain error, right? We are on plain error, yes. So it's got to be plain or obvious to the district court where you don't raise an objection. In other words, a district court, things that aren't objected to, a government doesn't have to prove. I mean, that's old chief. Even in front of a jury, they don't have to prove. In fact, they're precluded in old chief, and here they wouldn't be precluded, obviously. But you have a pre-sentence report that lists all the crimes, that lists what happened. And unobjected to pre-sentence report, you arguably, I mean, you could make a waiver argument. I think it's forfeiture. But you forfeited, so now it's plain error. Your Honor, even under the plain error standard, in order for us to prevail, we're only required to show that there is a reasonable probability of a different outcome. But you have to show it was plain or obvious to the district court. The error that's plain is the change in a relevant law, which was brought about by the Wooden case. This court has held multiple times that we evaluate plainness. The Wooden case itself says if it's on separate days, that's usually enough, and separate locations is definitely enough. And here, they were both separated in time, and you have the defendant pleading to five informations, I think, by my count, that they were on or about the specific date and involving a specific victim that was different in time than the other. Do you have any evidence that all these people lived together like in Wooden? They're all in the same building? Your Honor, it's the government's burden to prove that they were separate. Okay, so you admit if we find that under plain or obvious, it's not clear or obvious to the district court, no matter whose burden of proof it is, you lose. No, Your Honor, I don't agree with that. Okay, tell me why that way. The plain or obvious question. What makes the error plain in this case is that we are applying a different standard that did not exist at the time that Mr. Lovell was sentenced. At that time, we were operating under the Hill rule, which established that if there was any moment at which he could cease his conduct, then the separate offenses would be considered separate occasions. And in the burglary context, when you have different individuals, this court had previously because my understanding, it was never argued to the district court. Correct, Your Honor, and I think it's fair to say that under the Hill test, there would not have been a reason to raise it. Under Wooden, that is different. The Wooden test does suggest, it does say flat out, Your Honor's correct, that different dates, different locations, as long as they are significantly different, often will be enough to decide that the occasions are separate occasions. But the court is very careful to add a third factor in there, which is the factor of common scheme or plan. But even in Williams, it was de novo. It involved the same two defendants for all four robberies, which isn't true here. There's no evidence of that here. And it similarly involved honor about dates. So what do you do with that? Your Honor, in Williams, the defendant affirmatively admitted that the offenses occurred on the specific dates that were in the indictment. That is not true in this case. Well, your defendant pled to five informations that it occurred on or about those dates. Your Honor, there's nothing in the record that evidences that he admitted the specific dates. And under Tennessee law, under controlling Tennessee law, the honor about date that's in an indictment is meaningless. It is not considered an element. It does not have to be accurate. Well, you've got to concede it's not meaningless for statute of limitations purposes. Your Honor is correct about that. It's not meaningless for statute of limitations purposes. And the date must be a date prior to the day that the indictment was filed. Those are the only two requirements. Unless it's an element of... The date has meaning. Your Honor, the date has meaning in that limited circumstance. But it does not... Well, that's true for federal indictments, too. I mean, it's true for every indictment in America. Actually, Your Honor, I think that there are different states that have different rules that they apply to this. Go back to my federal point. It's true for federal indictments, right? You and I both know that. Every federal indictment charges on or about, the date is relevant for two reasons. And, Your Honor, in 99% of federal cases, defendants plead guilty to a factual basis. And if they admit in that factual basis the specific date of the offense, then they will have necessarily admitted that fact. They don't have to admit the date, except for statute of limitations purposes. The only thing they have to admit is the elements at their plea hearing. Yes, Your Honor, that is part of the categorical approach. But this court has held that when we are looking at... No, no, no, I'm sorry. My question was poor. For any case, they have to admit the elements. You can't plead guilty without admitting the factual basis for the elements. In federal court, that's correct, Your Honor. Okay, go ahead. I'm sorry. And in my experience, in most cases, the defendants also admit the specific date. But, if they don't admit the specific date, or if we're in a circumstance like this, where we have no plea colloquy, and no evidence that the defendant ever assented to the specific dates, as listed in the information, we cannot rely on that. The defendant has not necessarily admitted that fact. And this court has held, when looking at... Counsel? Yes, Your Honor. Counsel, I understand that plain error review is conducted in light of the current law. Yes, that's correct. And so you are entitled to the wooden analysis. But, I'm getting a little lost on why it was plain error for the judge not to inquire further, when, on its face, there was a basis for the judge to assume that there were at least three prior relevant convictions. Your Honor, I think where the error comes in, or where the reasonable probability of a different result comes in, because that's what Mr. Lovell is required to show. The error is plain because of the new wooden test. The question is whether or not, on remand, when applying the new test, is there a reasonable probability of a different outcome? And this case has held in the Baker case, which was a similar circumstance. That was a career offender scenario. But in that case, while the defendant's case was pending on appeal, the Supreme Court changed the relevant Begay test to require reckless conduct in order for a prior conviction to qualify under the residual clause. What this court did is acknowledge that the change in law brought about by Begay qualified as plain error on appeal. It was plain because the law was changed. It also qualified as affecting the defendant's substantial rights because it was not clearly applicable. So because there was a possibility that the prior conviction could no longer qualify under Begay, that's all that was required. And we certainly have met that test here. Go ahead, sorry. One thing I'm wondering about, you can waive or forfeit an argument by not raising it, even if your failure to raise it is based on settled law. You don't raise it because doing so would be contrary to existing jurisprudence, but your failure to do so could later preclude you from raising it again. That's what happened when the Supreme Court came down with the Booker case. Counsel who had raised the issue, anticipating or hoping that the law would be changed subsequently on remand from the Supreme Court, were able to have the issue examined subsequently after the Supreme Court came down with Booker. Those who didn't raise it because they were complying with or following settled law were not permitted. Why is your case different from that kind of rationale? Well, Your Honor, in our case, any error would have been forfeited, not waived. There was no known relinquishment of a known right. So this would be a forfeiture situation, which is what triggers the plain error standard in the first place. If Mr. Lovell had had the foresight to raise this argument below, despite all the circuits and the controlling law in this circuit, then that would be de novo review and we wouldn't be talking about plain error at all. In the Baker case... Can I ask you a related question? What is the evidence that the District Court applied the wrong legal standard? Because no one objected at the initial sentencing. So we have no objection at any point during this case such that the District Court would apply any type of law. Before you answer that, did you finish your answer to my question? Your Honor, I would say that we are under plain error in this circumstance. And I think that the Baker case, which was a similar... That's the case with the change in law about Begay. There was no preserved objection raised in that case either. And the court said, well, even though there was no objection raised below, we're proceeding under plain error. And because there was a reasonable probability of a different outcome under the new test, that was sufficient to remand it. I see I'm out of time, but I can address the courts. We don't have the timing light on for some reason. Normally, Your Honor, when there's a judge participating remotely, we use the electronic timer, but I can switch if you'd like to. Well, I'd like to see the time, if you don't mind. Okay. Thank you. One moment, Your Honor. Good afternoon. Mr. Langloring. May it please the Court. My name is Luke McLorin, and I'm here on behalf of the United States. Mr. Lovell's conviction, armed career criminal classification, and sentence should be affirmed for two reasons. First, the district court did not plainly err in finding that Mr. Lovell's six prior burglary convictions were committed on occasions different from one another. And second, it was not plainly erroneous for the district court to make that finding at sentencing. Now, since we've spent all our time talking about the different occasions issue, I'd like to begin with that, the different occasions finding itself. We agree that Wooten applies to this case on appeal here, but this is on plain error review, and I think that there's been some sort of confusion presented as to how plain error works on the defendant's part. The defendant is suggesting that the mere fact that there is a new test automatically means that there's plain error. That's not how it works. What happens is you get the benefit of the new test on appeal, but then the court assesses whether there is error using that new test. And here, using Wooten's test, it's clear that there was no error whatsoever in finding that these six prior burglaries were committed on different occasions. Wooten said that they clarified that the different occasions analysis is multifactored and entails analyzing things such as timing, proximity of location, and character and relationship of the offenses. But the court's analysis was also quite clear that not all of those factors are going to have the same level of weight in every case. And the court emphasized that in some cases, certain factors could be as positive, such as the fact that offenses were committed days apart from one another. The court emphasized that in such cases, those offenses are nearly always going to be considered on separate occasions because that fits with the plain understanding of the meeting occasion. And that's precisely what we have here. We have six burglary offenses that were committed on six separate dates. Now, these dates were separated by multiple days. In some cases, they were separated by multiple weeks. Now, there's been some discussion about the fact that the evidence we have of the dates says on or about in the indictment. I would note for the court that was also presented to the district court were judgments. The judgments themselves list the date of the offense, and they do not list on or about language. They list very specific dates. And when we're at this stage of plain error, I think it's important that we look at what the Supreme Court has most recently said about plain error. In the Greer case, which I think is very instructive, that was a case that involved a plain error challenge to a rehaif issue, where at the time the defendant was initially convicted, either of those defendants were initially convicted, rehaif was not the law. The government was not required to prove knowledge of felon status. And in assessing whether there was plain error in the record, the court said that to show that an error affects substantial rights, a defendant has to come forward with some evidence, or at least some claim that they have some sort of evidence that could support a contrary finding. And when you don't have any sort of evidence that suggests that a contrary finding could have reasonably been reached by a jury, it can't possibly meet that substantial rights prong of the plain error test. And that's exactly what we have here. The only thing that Mr. Lovell has come forward with is arguments raising sort of theoretical possibilities that perhaps it was the case that all of these offenses were committed on the same date, despite the fact that the judgments say otherwise. Perhaps it was the case that these six individuals all lived in the same house, despite the fact that had they lived in the same house, he couldn't possibly have been convicted of multiple burglary offenses under Tennessee law because all those would have been the same offense, and they would have merged both for conviction and for sentencing purposes. So all we have from the defendant is sort of speculation and theoretical possibility. He has come forward with no evidence whatsoever, or even a claim that he could have presented evidence, that would have suggested that these offenses were in fact committed on the same occasion. So this is a situation where we think it is quite clear that the district court did not err. When you look at the facts, we have offenses on... I see Judge White, do you have a question? I do, and thank you. I appreciate that. You may disagree with me, but I do think that Wooden allows for, and contemplates, in fact, some real analysis of the circumstances. Maybe you are, but I'm not convinced that the mere fact that you have three different days, or that there are three different entrances that were broken, means that you don't have the same occasion. So, for instance, hypothetically, if you have someone who broke into three neighbors, very close neighbors, three times, maybe twice on one day and once on the next day, I think Wooden sort of asked you to look and see if it's really... it's not automatically three different occasions, that you're supposed to look at the circumstances. So hypothetically, I suppose, we don't have the information, but this may have been that type of situation, where they're not all living in the same house, but they're living in the same apartment building, in three different apartments. I just want to know what your response is to that. Like, what... We don't have that much information. What do we have to assume for it to just automatically be three different occasions? Well, Your Honor, I have a couple of responses to that. First, with regard to the hypothetical you gave, I agree that would be a more difficult question. And Wooden does say that you can look at all of these things, and it doesn't say that one thing is necessarily automatic. But here, we don't have any evidence to suggest that these offenses involved a scenario where all these houses were on the same street. And I would point out, even if they were on the same street, we have a situation where there were substantial gaps in time between these burglary offenses. I mean, let's look at just the first three. It was June 25th. Then we have two weeks later, July 7th. Two weeks after that, July 21st. And I think our point is that because we're on plain error review, you look at the Greer case, and the Greer case says, look, when you're on plain error review, if the defendant wants to come and say, look, there's a reasonable probability a jury would have reached a different outcome, they have to show that they could have presented some evidence that would have allowed a jury to reach a different outcome. Here, the defendant hasn't come forward with any evidence to suggest that, no, these were all houses on the same street. This is the kind of situation that we might need to look at more carefully. Or that there was some common scheme or plan to target a particular neighborhood. There isn't any evidence of that in the record. I would also note, just for the court's knowledge, this information is not in the record, but there are police reports that had this issue been required to be proven to a jury. We could have called witnesses that showed that these offenses were committed on the dates that were actually identified in the judgments and were committed at different residences that were not located on the same street. That is the actual facts of this case. Again, I acknowledge that information is not in the record. The reason it's not in the record is because there was no objection raised below. This issue was not aired below. And when you're in that situation, this court, again, it's up to the defendant to come forward with some sort of evidence or some sort of showing that they could provide evidence that could have allowed a jury to reach a different occasion's finding. So yes, I agree with you, Judge White. This inquiry is multifactored. And in some cases, it's not going to be just the fact that they're on separate dates may not be dispositive. But I think we do also need to look at what the Supreme Court said. And the Supreme Court said when offenses are committed on separate dates, they're nearly always going to be on separate occasions. And it gave us an example, the First Circuit's decision in Rideout. And that decision involved facts very similar to this one. It involved burglary offenses that were committed on separate dates over the course of a four-week period. Those dates were May 9th, May 28th, and June 12th. The gaps between those dates are very similar to the gaps between the dates we have here. And I think when you take Wooten at its word, when you take the court and the cases that it cites, what that indicates is that there was not an error here. And certainly that error isn't plain or obvious. And we would also agree because there was no error, it doesn't affect the defendant's substantial rights in this particular case. Did that answer your concern, Judge White? Yes, thank you. Unless there are other questions about the specific different occasions finding, I'm also happy to address the issue concerning the Sixth Amendment question that was raised in the party's briefs. And I'd just like to clarify the government's position here. We do agree that it was error not to submit this question to a jury. It's the government's position now, in light of Wooten, we believe that a jury should find or a defendant should admit the fact of different occasions. That said, we don't believe any of the other prongs of the plain error standard can be met in this particular case. Do you think our cases are wrong? Yes, Your Honor. The government's position is that the cases are wrong, but we also acknowledge that those cases are binding. We recognize that while we advocate for what we want this court to construe to law. Do you think Almendarez-Torres is wrong in the Supreme Court case? Your Honor, the government is, at this point I don't believe, is conceding that Almendarez-Torres is wrong. Almendarez-Torres, though, talked about the fact of a prior conviction as being an exception. And the reason that the government is requesting, will be requesting in an appropriate case for this court to reconsider its precedent, is because we believe that Wooten's inquiry, Wooten has clarified that the different occasions inquiry requires examining things beyond just the fact of a prior conviction. You know, while it might be that the, you know. Does anyone agree, what is it, Gorsuch and Thomas, there's two justices that subscribe to that in some form? To be honest, no court has accepted the government's position at this point. And so that's, again, why we're pointing out this is not, for that reason the defendant cannot meet the plainness prong. This court's precedent clearly precludes that. We would also note, as much as we are asking for this court to change its law, we do not think at this point the court could change it through a panel decision. We think the court would have to take the issue en banc in an appropriate case. Could defendants under old chief stipulate to avoid the government putting a bunch of priors in front of the jury? It seems awfully prejudicial to a criminal defendant to ask that this be in front of a jury. Your Honor, I'm not, I think the old chief question, it's, I'm not sure old chief would necessarily require that. Although, because old chief was based on the notion that a stipulation to certain facts, it can't be just as good evidence. To a prior felony, now you're saying the government can prove up six felonies in a trial of a felon in possession to get the ACCA. That seems, you're saying a criminal defendant can't stipulate? We're not saying a criminal defendant can't stipulate. I'm just, as I understood your question, Your Honor, was does old chief require the government to accept that stipulation? I'm not sure that it necessarily does, but I think the government would certainly accept the stipulation, and we have accepted stipulations. My point is the government needs to think all this through before you come in and tell us our case law is wrong and the Supreme Court's wrong. Your Honor, I absolutely agree, and the government is thinking this through, and we are addressing a lot of these issues on a case-by-case basis. I would note to the way we are proceeding in this situation is to prevent prejudice to defendants, we're asking for bifurcated trials, where there would be a trial as to simply guilt or innocence on the felon in possession charge, and then there would be a separate proceeding as to the different occasions, nature of the defendant's prior conviction, so as to avoid any prejudice to the defendant. I'm sure all the district judges love that. Well, we're certainly getting mixed responses, but, Your Honor, I'm just informing the court of our position. We also recognize that it is not the government's obligation to say what the law is. It is the responsibility of the judiciary, and we respect the fact that this court has already held that making a different occasions finding does not violate the Sixth Amendment, and we understand that court's precedent is binding on this panel. While we would like the court to revisit that, we think it should do so in an appropriate case. This is not an appropriate case because any Sixth Amendment error here was harmless and did not affect the defendant's substantial rights for the same reasons that we were talking about here. Any properly instructed jury with the evidence available would have found that these offenses were, in fact, committed on occasions different from one another. Wooten said its test was straightforward and intuitive, and it is straightforward and intuitive to find that six burglary offenses committed on six different dates in six different residences were committed on different occasions. Unless there are any other questions, we rest on our briefs, and we ask this court to affirm Mr. Lovell's conviction, armed criminal classification, and sentence. Thank you. We'll have rebuttal. Go ahead. Your Honors, I want to start by addressing the Greer case that the government noted, and what I want to be very clear about is that Greer did not require a defendant to come forward with evidence on appeal proving that they would get a different outcome. What Greer says is that the defendant must make some sort of assertion that they would be able to show something else under the new test on remand that would likely result in a- Could you show that all these occurred on the same occasion at the same place? Your Honor, that question is dependent upon which standard we're applying. If we are operating under Williams and Hennessy, which requires the district judge to be limited to only Shepard evidence and only the facts that the defendant necessarily- My point is, what evidence do you have to rebut the government's assertion? Your Honor, if we went to trial before a jury, then absolutely Mr. Lovell would be able to come forward with some sort of evidence to indicate that these were the same common scheme. Tell us, what's the evidence? Well, Your Honor, they all occurred by the same defendant. It's an indication that it is- Obviously the same defendant. Well- One of them was with multiple co-defendants, though. One of them was with co-defendants, Your Honor. We have to have three separate offenses. Okay, so there's one. Take the other five. They're all obviously the same defendant. What about separate occasions, separate places? Do you have evidence of that? Well, Your Honor- They're the same occasion, same place? The government would have to- That is the government's burden. If we are- Can you present to us a proffer of what you have on that? I cannot present a proffer, no. But I can tell the court that on remand, that Mr. Lovell would have the opportunity to present that evidence. This is different from Greer, where the only question was whether or not the defendant himself knew that he was a convicted felon, which is all information that would be entirely within the knowledge of that single defendant. And in Greer, the court was upset that neither defendant ever suggested that a jury could find otherwise. That is very different from what's going on here, where the test itself requires a look at common scheme or plan and a look at significant intervening events. What I would like to draw this court's attention to is a case out of the Eastern District of Tennessee, United States v. Crutcher. And in that case, the district court accepted that three prior burglaries occurred on different dates, spanning at least a week apart from each other. Yet the court still concluded that it was the same common scheme or plan, because of the locality and because of the defendant's modus operandi. And that's a case that the government has not appealed. So should this court remand this case back to the district court, there's a very real possibility that Mr. Lovell would end up with a different result. Additionally, Your Honor, if we're operating, if we're moving out of the world of Williams and Hennessey, where we're limited to Shepard documents, and I see my time is up, if I might. You may finish your sentence. Your Honors, all I would say is it depends on which standard we're applying. If we are operating under a jury trial standard, then Mr. Lovell would have some evidence to prevent. We would ask this court to be remanded, and I think the Crutcher case is instructive on that. Thank you, Your Honors. Thank you very much, and the case is submitted.